■ ELIZABETH ARMSTRONG et al., Appellants, and DORIS GATES et al., Individually and as Members of the New Rochelle Girl Scout Council, Inc., et al., Respondents, v. WHITE PLAINS COUNCIL OF GIRL SCOUTS, INC., et al., Appellants-Respondents. — Appeal by defendants from so much of a judgment of the Supreme Court, Westchester County, dated January 23, 1967, as declares null and void the consolidation of Sackerah Path Girl Scout Council, Inc. with respect to the inclusion therein of the New Rochelle Girl Scout Council, Inc., and as directs the Secretary of State of the State of New York and the County Clerk of Westchester County to strike out, delete and expunge the name of New Rochelle Girl Scout Council, Inc., from the certificate of said

consolidation; and cross appeal by plaintiffs Armstrong, Elsas, Lear, McManus, Reichart, Rich and Robinson from so much of the judgment as dismissed the complaint as to them. Judgment reversed insofar as appealed from by defendants, on the law and the facts, without costs; in accordance, the first three decretal paragraphs of the judgment are struck out; complaint dismissed as to plaintiffs Doris Gates, William Gates and Patricia Burnett; and judgment affirmed insofar as appealed from by plaintiffs Armstrong and others, without costs. The action is for a judgment declaring null and void the consolidation of the New Rochelle Girl Scout Council, Inc., with defendants (corporations), previously approved in *Matter of Sackerah Path Girl Scout Council* (50 Misc 2d 883, affd. 25 A D 2d 956), on the ground that associate members were not given notice of the meeting called for the purpose of voting on the resolution for consolidation. The court below found that the failure to give notice to the associate members invalidated the resolution of the New Rochelle Girl Scout Council, Inc., approving consolidation. We are of the opinion that in accordance with the provisions of the Membership Corporations Law (§41), the by-laws of the New Rochelle Girl Scout Council, Inc., (arts. VI, VIII) provide by implication that *only active members* have the right to vote. We are further impressed by the fact that associate membership merely requires the payment of $1 annually. Therefore the failure to give notice of the meeting to associate members in connection with the proposed consolidation did not invalidate the action taken by the active members. To upset a consolidation which has already been confirmed by the courts requires a showing of prejudice to a valuable right. At bar, no such showing has been made. Furthermore, the several plaintiffs could have challenged the order approving the consolidation of the New Rochelle Girl Scout Council, Inc., into the Sackerah Path Girl Scout Council, Inc. (see *Matter of Sackerah Path Girl Scout Council* 50 Misc 2d 883, *supra*) by moving to be relieved from the order pursuant to CPLR 5015. Having failed to do so, plaintiffs are now barred from relitigating issues which were or which could have been raised in the first action. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.